UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KENNETH BURNS | CIVIL ACTION 3-05-0509 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| CITY OF BASTROP, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss, Doc. # 12, and a motion for summary judgment, Doc. #10, referred to me by the district judge for report and recommendation.

Plaintiff sues a police officer, the city attorney, the mayor and the City of Bastrop, as well as a private individual, Lisa Willis, alleging that the defendants should have criminally prosecuted Willis. Plaintiff claims that, while he was at the post office, Willis pointed a gun at him which he says, is an assault. He claims that he requested that defendants prosecute Willis for her conduct but that they failed to do so. Burns claims that their failure "failed to serve" his constitutional rights and denied him due process of law.

Burns has failed to oppose the motions.

Motion to Dismiss Standard

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. Nicastro v. Clinton, 882

F.Supp. 1128, *affirmed* 84 F.3d 1446.  The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Strother v. Southern California Permanente Medical Group. 79 F.3d 859 (9th Cir. Cal. 1996).  In deciding the motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint.  City of Toledo v. Beazer Materials and Services, Inc., 833 F.Supp. 646 (N.D. Ohio 1993).  This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint.  Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975).  In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992).

      A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.  Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995).  In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Hirras v. National R.R. Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), *vacated on other grounds*, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); Doe, 753 F.2d at 1102.  On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim.  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), *citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

## Law and Analysis

      Plaintiff's claims against Willis should be dismissed. Willis, a private citizen, is not a

state actor. Therefore, a civil rights action does not lie against her. 42 U. S. C 1983.

As for plaintiff's claims against the City of Bastrop and its mayor, plaintiff has neither alleged nor shown that the city had in place a policy or custom which violated his constitutional rights. Shields v. Twiss, 389 Fed. 2d. 142 (5th Cir. 2004).[1] Neither has plaintiff shown that the mayor was a participant in the incident sued upon.

The other two defendants, Officer McKane and City Attorney Bentley have raised the defense of qualified immunity. Qualified immunity protects a public official from personal liability for discretionary acts which do not violate well established law. To overcome a defendant's claim of qualified immunity, a plaintiff must (1) allege a violation of a clearly established constitutional right by defendant and (2) show that defendant could not have reasonably believed that his actions were lawful. Richardson, 12 F.3d at 1383. Also, Johnston v. City of Houston, 14 F.3d 1056, 1060 (5th Cir. 1994). A constitutional right is clearly established if, in light of pre-existing law, the unlawfulness is apparent. Officials must observe general, well-developed legal principles. Doe v. Taylor Independent School Dist., 15 F.3d 443, 445 (5th Cir. 1994), cert. den., _U.S._, 115 S.Ct. 70, 130 L.Ed. 2d 25 (1994). Plaintiff has not directed the court to any law supporting his claim of a constitutional right to have another person prosecuted. I am confident there is no such right. See Linda R.S. v. Richard D., 93 S. Ct. 1146, 1149 (1973); Bio Rep, Inc. v. Johnson, 93-0176, 1994 WL 424338 (E.D. La. 1994). As plaintiff's allegations do not establish a constitutional violation, defendants McKane and Bentley are

---

[1] Municipal liability under §1983 attaches where, and only where, a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. Pembaur v. City of Cincinnati, 475 U.S. 469, 484, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452 (1986).

entitled to qualified immunity.  To the extent that plaintiff's complaint may be interpreted as a claim against these individuals in their official capacity, the claim is against the governmental body and, because no policy or custom has been shown, the claims against the individuals should be dismissed.  Monell v. Dept. of Social Services, 98 S. Ct. 2018 (1978).

Finally, because Bentley is a city prosecutor, he is absolutely immune from liability for acts performed in his prosecutorial capacity.

For the foregoing reasons, IT IS RECOMMENDED that the motions to dismiss and for summary judgment be GRANTED and plaintiff's claims be dismissed with prejudice.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have five (5) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within five (5) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND E-SIGNED in chambers, in Alexandria, Louisiana, on this 16th day of November 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE